IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| J.E.M., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-04273-SRB |
| | ) | |
| BRIAN KINKADE, in his official capacity as Director of the Missouri Department of Social Services, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss. (Doc. #33). For the reasons stated below, the motion is denied.

**I.     Background**

Plaintiffs J.E.M. and J.L.M, Missouri Medicaid beneficiaries with Hepatitis C virus ("HCV"), bring this suit against Defendant Brian Kinkade in his official capacity as Director of the Missouri Department of Social Services, and Joe Parks, M.D., in his official capacity as Director of the MO HealthNet Division, alleging Plaintiffs are being denied medically-necessary, direct-acting antiviral treatment (DAAs) in violation of the Medicaid Act.   Plaintiffs' Complaint includes three claims for relief: 1) a 42 U.S.C. § 1983 claim for failure to provide medically-necessary prescription drugs in violation of 42 U.S.C. §§ 1396a(a)(10)(A) and 1396(d)(a); 2) a 42 U.S.C. § 1983 claim for violation of the Medicaid Act's "comparability" requirement at 42 U.S.C. § 1396a(a)(10)(B); and 3) a 42 U.S.C. § 1983 claim for violation of the Medicaid Act's "reasonable promptness" requirement at 42 U.S.C. § 1396a(a)(8).

Plaintiffs' suit challenges MO HealthNet's published Approval Criteria requiring three months of negative urine alcohol and drug screens before submitting a request for DAA approval, and a fibrosis score of at least F2 or F3 depending on the patient's genotype. Plaintiffs argue the challenged criteria have no impact on the medical necessity of DAAs for HCV patients, and by applying the criteria, Mo HealthNet is failing to provide medically-necessary prescription drugs in violation of 42 U.S.C. §§ 1396a(a)(10)(A) and 1396d(a). Plaintiffs further argue that application of the challenged criteria violates the Medicaid Act's "comparability" requirement at 42 U.S.C. § 1396a(a)(10)(B) and "reasonable promptness" requirement at 42 U.S.C. § 1396a(a)(8).

Defendants ask the Court to dismiss Plaintiffs' Complaint in its entirety for failure to state a claim. Defendants argue:

> [T]he crux of all three of Plaintiffs' claims is methodology, i.e. that DAAs are medically necessary for all participants diagnosed with HCV, thus according to MHD's published prior authorization criteria, which appear to restrict DAAs to those participants with fibrosis scores of F3 or F4, some participants must wait until their liver disease has progressed to the level of F3 to receive DAAs. . . .
> [S]uch a challenge must be brought under the Act's reasonable-standards requirement at 42 U.S.C. § 1396a(a)(17) (requiring participating states to "include reasonable standards . . . for determining eligibility for and *the extent of medical assistance* under the plan which (A) are consistent with the objectives of this title . . .") (emphasis added). It follows then that Plaintiffs' claims for relief actually arise as § 1983 challenges to an alleged violation of § 1396a(a)(17).

(Doc. #34, p. 6). Defendants further argue that Plaintiffs' claims must be dismissed because "[t]here is no individualized federal right to reasonable Medicaid standards enforceable under 42 U.S.C. § 1983." (Doc. #34, p. 4).

Plaintiffs counter that they may choose their causes of action, and their Complaint does not include a claim under 42 U.S.C. § 1396a(a)(17). Plaintiffs further argue, "Plaintiffs do not challenge Defendants' right to limit access to prescription drugs using a preferred drug list, prior

2

authorization, or utilization review, but they do maintain that under the service availability, comparability, and reasonable promptness provisions of the Medicaid Act, the specific limits Defendants have placed on DAAs are illegal." (Doc. #37, p. 5).

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." The Court must consider all facts alleged in the Complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Ash v. Anderson Merchs., LLC*, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

**III. Discussion**

The Court agrees with Plaintiffs that they are the "masters of their complaint" and may choose their causes of action. *See Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (stating plaintiff may avoid federal jurisdiction by choosing to allege only state-law claims). Furthermore, Defendants mischaracterize Plaintiffs' allegations. Plaintiffs do not allege

3

that the challenged Approval Criteria are merely "unreasonable."  Rather, Plaintiffs allege that the challenged Approval Criteria are illegal and in effect ***deny***, rather than just restrict, medically necessary treatment to Missouri Medicaid patients with HCV.  (Doc. #1, ¶37).  While Defendants challenge Plaintiffs' allegations, these factual challenges are not appropriate considerations at the motion to dismiss stage.

Defendants rely primarily upon *Weaver v. Regan*, 886 F.2d 194, 198 (8th Cir. 1989), in support of their argument that "this is a reasonable standards claim and is not privately enforceable."  (Doc. #38, p. 2).  Defendants refer the Court to the sentence that states, "This provision [42 U.S.C. § 1396a(a)(17)] has been interpreted to require that a state Medicaid plan provide treatment that is deemed 'medically necessary' in order to comport with the objectives of the Act."  *Id.*  Defendants' reliance on this single statement ignores that in deciding *Weaver* the Eighth Circuit affirmed the district court's ruling that was based on 42 C.F.R. §§ 440.230(b), 440.230(b), and 42 U.S.C. § 1983.

The Eighth Circuit stated, "The trial court held that defendants' rule limiting Medicaid coverage of AZT to only those recipients who meet certain diagnostic criteria or conditions violated federal Medicaid law, 42 C.F.R. §§ 440.230(b), 440.240(b), and 42 U.S.C. § 1983."  *Weaver*, 886 F.2d at 197.  Section 440.230(b) provides, "Each service must be sufficient in amount, duration, and scope to reasonably achieve its purpose."  Section 440.240(b) provides, "The plan must provide that the services available to any individual in the following groups are equal in amount, duration, and scope for all beneficiaries within the group: (1) The categorically needy."  These Code of Federal Regulations sections correspond to the Medicaid Act provisions upon which Plaintiffs' claims are based.  Accordingly, *Weaver* supports denial of Defendants' motion.

4

Notably, Defendants do not argue that Plaintiffs' service availability, comparability, and reasonable promptness claims are not privately enforceable under 42 U.S.C. § 1983. As a result, the Court need not address the issue.

**IV.    Conclusion**

Accordingly, for the foregoing reasons it is hereby ORDERED that Defendants' Motion to Dismiss (Doc. #33) is DENIED.

**IT IS SO ORDERED.**

Dated:   February 2, 2017                                       /s/ Stephen R. Bough
                                                                STEPHEN R. BOUGH
                                                                UNITED STATES DISTRICT JUDGE