IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| J.E.M., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-04273-SRB |
| | ) | |
| STEVEN CORSI, in his official capacity as Director of the Missouri Department of Social Services, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. #74). For the reasons stated below, the motion is denied.

**I. Background**

On February 2, 2017, the Court issued an order denying Defendants' motion to dismiss Plaintiffs' original complaint, filed against Defendant Brian Kinkade in his official capacity as Director of the Missouri Department of Social Services ("MDSS"), and Joe Parks, M.D., in his official capacity as Director of the MO HealthNet Division ("MHD"), alleging that Defendants' denial of direct-acting antiviral treatment ('DAAs") to some Missouri Medicaid beneficiaries with Hepatitis C ("HCV") violates the Medicaid Act. (Doc. #41). That Order and the Court's other prior orders set forth the facts of this action, familiarity with which is presumed.

On the same day, the Court also issued an order granting, in part, Plaintiffs' motion for preliminary injunction and enjoining Defendants from requiring three months of negative drug and alcohol screens prior to submitting requests for DAA approval. (Doc. #40). Defendants subsequently revised their authorization criteria to remove the abstinence requirement. (Doc.

#74, p. 10). On March 10, 2017, the Court held an evidentiary hearing on the medical necessity of treating all HCV patients with DAAs, regardless of their fibrosis score. After considering the record and evidence submitted at the hearing, the Court issued an order on April 24, 2017, denying the remainder of the requested preliminary injunction, determining that Plaintiffs had not established their entitlement to a preliminary injunction prohibiting Defendants from considering fibrosis scores in deciding whether to approve DAA treatments. (Doc. #61).

On June 6, 2017, original plaintiffs J.E.M. and J.L.M., filed an amended complaint, which added plaintiff, H.L.O., and two more claims arising from the same contention that Defendants are improperly refusing DAAs to chronic HCV sufferers who do not have a fibrosis score of F3 or higher. The amended complaint includes six claims for relief: 1) a 42 U.S.C. § 1983 claim for failure to provide medically-necessary prescription drugs in violation of 42 U.S.C. §§ 1396a(a)(10)(A) and 1396(d)(a)(12); 2) a 42 U.S.C. § 1983 claim for violation of the Medicaid Act's "comparability" requirement at 42 U.S.C. § 1396a(a)(10)(B)(i); 3) a 42 U.S.C. § 1983 claim for violation of the Medicaid Act's "reasonable promptness" requirement at 42 U.S.C. § 1396a(a)(8); 4) violation of the 14th Amendment Due Process Clause for the lack of "ascertainable standards" regarding which beneficiaries will receive DAAs; 5) a 42 U.S.C. § 1983 claim for violation of Plaintiffs' procedural due process rights pursuant to 42 U.S.C. § 1396a(a)(3) based on inadequate denial notices; and 6) a claim for violation of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulations, for differential treatment of Plaintiffs from other qualified people with disabilities. Defendant Steven Corsi, the new Director of the MDSS, has since been substituted for his predecessors by consent of the parties. (Doc. #61, p. 6).

Defendants now move to dismiss Counts I, II, III, IV, and VI of the amended complaint (constituting all claims except for the alleged violation of Plaintiffs' due process rights due to the

2

failure to provide notices adequately explaining MHD's denial of prior authorization for DAAs). In support of dismissing Counts I-IV, Defendants argue that Plaintiffs are actually relying on another provision of the Medicaid Act, 42 U.S.C. § 1396r-8, and that Plaintiffs have deliberately excluded § 1396r-8 from the complaint to end run their inability to privately enforce it under § 1983.  Defendants also contend that Count VI, which asserts a claim for differential treatment of Plaintiffs in comparison to other HCV patients, is duplicative of Plaintiffs' "comparability claim," and is in effect, a challenge to utilization control procedures that must fail because 42 U.S.C. § 1396r-8 is not privately enforceable.  Plaintiffs argue that the Court has previously rejected these arguments, and in filing this motion, Defendants are ignoring basic pleading rules that allow plaintiffs to retain control over their pleadings and select their own claims.

## II.     Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted."  The Court must consider all facts alleged in the Complaint as true when considering a motion to dismiss.  *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").  "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Ash v. Anderson Merchs., LLC*, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

### III. Discussion

#### a. Court Cannot Construe Claims as § 1396r-8 Challenge

Defendants recapitulate the arguments made in their prior motion to dismiss, which the Court previously rejected as follows:

> The Court agrees with Plaintiffs that they are the "masters of their complaint" and may choose their causes of action. *See Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (stating plaintiff may avoid federal jurisdiction by choosing to allege only state-law claims). Furthermore, Defendants mischaracterize Plaintiffs' allegations. Plaintiffs do not allege that the challenged Approval Criteria are merely "unreasonable." Rather, Plaintiffs allege that the challenged Approval Criteria are illegal and in effect ***deny***, rather than just restrict, medically necessary treatment to Missouri Medicaid patients with HCV. (Doc. #1, ¶37). While Defendants challenge Plaintiffs' allegations, these factual challenges are not appropriate considerations at the motion to dismiss stage.

(Doc. #41, p. 2). The Court finds that this reasoning extends to the subject claims. Defendants' prior motion was predicated on similar arguments that Plaintiffs should have asserted their claims under another provision of the Medicaid Act— in the first motion, the "reasonable-standards requirement" of 42 U.S.C. § 1396a(a)(17), and in the instant motion, 42 U.S.C. § 1396r-8 regulations for the prior authorization and rebate coverage of outpatient drugs—for which Defendants argue no individualized right to enforce under 42 U.S.C. § 1983 exists.[1] Defendants do not distinguish why the Court's rationale does not apply here.

"Under the well-pleaded complaint rule, the court allows plaintiff to be master of the complaint, giving deference to the specific claims which plaintiff has brought and accepting that

---

[1] The Court makes no determination as to whether 42 U.S.C. § 1396r-8 confers a private right of action under the test stated in *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). The Court recognizes, however, that this Circuit has held that the "reasonable standards" requirement of 42 U.S.C. § 1396a(a)(17) is not privately enforceable, and that a §1983 claim brought under that statute would fail. *Lankford v. Sherman,* 451 F.3d 496, 509 (8th Cir. 2006).

4

plaintiff has purposefully avoided those otherwise-actionable claims not alleged." *Henderson v. Vill. of Dixmoor*, 99 F. Supp. 2d 940, 943 (N.D. Ill. 2000), *aff'd sub nom. Henderson v. Bolanda*, 253 F.3d 928 (7th Cir. 2001). As masters of their own complaint, Plaintiffs are permitted to exclude otherwise-actionable claims, plead different legal theories that are supported by the facts, and invoke statutes that are individually enforceable under § 1983. Moreover, the inclusion of allegations that support enforceable Medicaid claims does not "convert" these claims into privately unenforceable ones under the Medicaid Act. *See O.B. v. Norwood,* 170 F. Supp. 3d 1186, 1193 (N.D. Ill.)*, aff'd,* 838 F.3d 837 (7th Cir. 2016) (court denied motion to dismiss privately enforceable EPSDT and "reasonable promptness" claims, rejecting defendant's argument that such claims should be dismissed when plaintiffs did not cite proper reimbursement rates provision to circumvent prohibition on its private enforcement under § 1983).

Consequently, the Court rejects Defendants' arguments that Counts I-IV and VI should be "[c]onsidered through the prism" of 42 U.S.C. § 1396r-8 and be dismissed as privately unenforceable. The Court cannot read § 1396r-8 into Plaintiffs' claims, when Plaintiffs have not specifically pled a claim under this provision. *See, e.g., Henderson,* 99 F. Supp. 2d at 943 ("Although the actions …could have given rise to claims under § 1983, the court cannot simply choose to read a separate legal theory into plaintiffs' complaint."); *Wolfe v. Tackett*, No. CIV.A. 2:08-01114, 2009 WL 973442, at *5 (S.D.W. Va. Apr. 9, 2009) ("simply because [plaintiff] could have brought a claim under § 1983, does not mean that he did"). Because it is improper for the Court to read into the complaint legal theories that are not asserted, the Court will not construe Plaintiffs' availability, comparability, reasonable promptness, ascertainable standards, and ADA claims as a challenge to MHD's utilization control procedures under § 1396r-8.

5

Additionally, Defendants do not refer the Court to any valid authority holding that Counts I-IV and VI are precluded or preempted by § 1396r-8's enforcement scheme[2], or that Plaintiffs' claims do not implicate a private right of action or cannot be asserted as stand-alone claims. In fact, a review of Medicaid cases decided in this jurisdiction suggests the contrary. *See, e.g., Lankford,* 451 F.3d 496 (Missouri durable medical equipment benefit did not violate the "comparability" requirement, which was permissibly, privately contested through § 1983); *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973 (D. Minn. 2016) (plaintiffs could assert—and prevailed—on a § 1983 claim that Minnesota violated "reasonable promptness" requirement by placing developmentally disabled Medicaid recipients on waitlist for waiver services); *Weaver v. Reagen*, 886 F.2d 194 (8th Cir. 1989) (in § 1983 suit, court evaluated whether Missouri's AZT coverage for Medicaid AIDS patients was sufficient in amount, duration, and scope).

Because the Court declines to treat Counts I-IV and VI as a § 1396r-8 challenge to MHD's prior authorization procedures, the Court does not find that the subject claims are unenforceable under § 1983. Thus, the motion to dismiss is denied on these grounds.

### b. Ascertainable Standards and ADA Discrimination Claims

Defendants also argue that Plaintiffs' ascertainable standards claim under the Fourteenth Amendment (Count IV), and claim for relief under the ADA (Count VI), both fail to state a claim as a matter of law. Defendants' arguments with respect to both claims are unavailing.

The parties agree that the standard for determining a 14th Amendment violation is the "absence of any ascertainable standard for inclusion and exclusion." *Smith v. Goguen*, 415 U.S. 566, 578 (1974). Defendants contend that "Plaintiffs can prove no violation of the Fourteenth

---

[2] Defendants cite *Blessing* for their proposition that prescription drug benefits are exclusively subject to the regulatory framework of § 1396r-8. (Doc. #91, p. 7). *Blessing* considers the separate issue of whether a federal statute creates an individual right, involving factually dissimilar claims under Title IV-D of the Social Security Act; *Blessing* does not hold that § 1396r-8 forecloses other claims, and is therefore inapposite. 520 U.S. 329.

6

Amendment" because MHD's eight-page, published criteria provides information on its review of therapy requests, its Clinical Consultant's consideration of documented comorbidities, and a participant's right to request state fair hearings. (Doc. #84, pp.17-18; Doc. #91, pp. 8-9). These arguments cut to the heart of the substantive merits of Plaintiffs' claim, *i.e.* whether the approval criteria are "ascertainable," rather than analyzing whether Plaintiffs have stated a facially plausible claim. Because Defendants do not address whether this claim is adequately pled under Rule 12(b)(6), and instead attack the merits of the claim, the motion is denied as to Count IV.

In pleading their ADA claim, Plaintiffs refer to Title II of the ADA, 42 U.S.C. § 12131 *et seq.,* which "prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). To state a prima facie claim under Title II of the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability. *Id.* The Court finds that Plaintiffs pled sufficient factual matter to state a facially plausible ADA claim, and allege the required elements by stating that they are qualified as people with disabilities under the ADA, are otherwise qualified for DAA treatment, and were excluded from treatment because of the severity of their disability,

Defendants argue that Count VI is barred because an ADA suit cannot be based on medical treatment decisions. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005). However, the courts in this district have distinguished Defendants' authorities from the circumstances of this case. In *Postawko v. Missouri Dep't of Corr.*, No. 2:16-CV-04219-NKL, 2017 WL 1968317, at *13 (W.D. Mo. May 11, 2017), which involves a strikingly similar challenge to the denial of DAA drug treatments to HCV-infected inmates by the Missouri

7

Department of Corrections, the court determined that plaintiffs stated a plausible ADA discrimination claim. In so concluding, the court distinguished the cases cited by Defendant from the suit before it, stating that cases barring ADA medical treatment "involve situations where individual plaintiffs simply disagreed with medical treatment decisions and did not challenge a prison's general policy or custom[.]" *Id.* (distinguishing *Dinkins v. Mo. Dep't of Corrs.,* 743 F.3d 633, 634 (8th Cir. 2014), which held dismissal of ADA claims was proper where inmate challenged individual medical decisions relating to the diagnosis and treatment of his pernicious anemia, rather than a general policy). The distinction defined in *Postawko* applies to the within case. Here, Plaintiffs contest Defendants' general *policy* of denying DAAs to a class of HCV patients, based on their low fibrosis scores and lack of qualifying comorbidities, rather than *individual treatment decisions* or malpractice committed by their medical providers. Accordingly, Plaintiffs are not barred from bringing Count VI, and the motion to dismiss this claim is denied.

## IV. Conclusion

In view of the foregoing, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. #74) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: July 21, 2017	/s/ Stephen R. Bough
	STEPHEN R. BOUGH
	UNITED STATES DISTRICT JUDGE